# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| John Elwood Buckner, ) | |
| ) | Case No.: 2:00-cr-398-PMD-2 |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

John Elwood Buckner, a federal prisoner, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 384). The United States ("Government") has filed a motion to dismiss or, in the alternative, for summary judgment (ECF No. 387). For the reasons stated herein, the Court denies the Government's motion and orders additional briefing.

In October 2001, Buckner pled guilty to one count of conspiring to distribute controlled substances. *See* 21 U.S.C. § 846. The Court sentenced Buckner the following April. At sentencing, the Court determined Buckner had at least two prior felony convictions for crimes of violence and thus was a career offender under the United States Sentencing Guidelines. *See* U.S.S.G. §§ 4B1.1, 4B1.2(a) (2000). Applying the career-offender sentencing enhancement, the Court sentenced Buckner to 250 months in prison.

In March 2005, Buckner filed a *pro se* § 2255 motion, alleging his sentence was unconstitutional under authorities such as *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). On the Government's motion, this Court dismissed Buckner's § 2255 motion as untimely. *See Buckner v. United States*, No. 2:05-cv-705-PMD, slip op. (D.S.C. Nov. 10, 2005), *appeal dismissed sub nom. United States v. Buckner*, 167 F. App'x 979 (4th Cir. 2006) (per curiam).

This time aided by counsel, Buckner filed the instant § 2255 motion on April 8, 2016.[1] In his motion, Buckner contends that after *Johnson v. United States*, 135 S. Ct. 2551 (2015), his career-offender designation is unconstitutional and therefore he must be resentenced to a shorter prison term.

The Government seeks dismissal on three grounds unrelated to the merits. It contends that (1) Buckner's § 2255 motion is untimely; (2) Buckner cannot use § 2255 to challenge a Guidelines enhancement; and (3) *Johnson* is not retroactively applicable to Guidelines challenges on collateral review. The Court finds that the Fourth Circuit's decision in *In re Hubbard* undercuts those arguments. *See* No. 15-276, 2016 WL 3181417, at *4, 7 (4th Cir. June 8, 2016). Because the Government asserts no other grounds for dismissal, the Court **DENIES** its motion.

The pre-sentence report prepared for Buckner's sentencing included several felony convictions in Maryland that supported Buckner's career-offender designation. Buckner contends that three of those convictions—second-degree rape, assault with intent to murder, and battery—can no longer constitute predicate "crimes of violence" under § 4B1.2(a), and that once those convictions are disregarded, he does not have enough predicate offenses to be deemed a career offender.

Buckner's attack on the three convictions is two-pronged. He first contends, and the Government appears to agree, that those three convictions cannot validly fall under the residual clause in § 4B1.2(a)(2) because it is unconstitutionally vague. Second, Buckner argues that none of the three convictions fits within the remaining portions of § 4B1.2(a). The Government has

---

1. Buckner filed the motion without first obtaining the Fourth Circuit's authorization. *See* 28 U.S.C. §§ 2244(b), 2255(h). Finding the motion to be "second or successive," *see id.*, this Court concluded it lacked jurisdiction over the motion and transferred the matter to the Fourth Circuit so that an authorization decision could be made. On July 26, 2016, the Fourth Circuit granted Buckner authorization to proceed with the instant § 2255 motion in this Court.

2

not yet offered its view on that question. The Court therefore **ORDERS** the Government to submit a brief addressing the merits of whether the three convictions at issue constitute crimes of violence under the remaining portions of § 4B1.2(a). The Government's brief shall be filed no later than August 31, 2016. Any response Buckner may wish to file shall be due seven days after the Government files its brief.

  **AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**August 19, 2016**
**Charleston, South Carolina**

3